# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00024-GCM

| | |
|---|---|
| DAVID OPPENHEIMER,<br><br>Plaintiff,<br><br>v.<br><br>THE ACL LLC,<br>WILLIAM STACEY MOORE,<br><br>Defendants. | **ORDER** |

**THIS MATTER** comes before the Court upon "Defendants' Response to Plaintiff's 1) Objections to Subpoena and 2) Motion to Compel Subpoenaed Production" ("Motion") (ECF Doc. 31), which was filed on February 5, 2021. Plaintiff filed his Response (ECF Doc. 32) on February 19, 2021, and Defendants did not file a reply. Having reviewed the Motion, the Court finds the following.

## I. BACKGROUND

The underlying bases for this Motion are Plaintiff's objections to a subpoena duces tecum, which was served upon Plaintiff on January 7, 2021. Defendants' subpoena seeks for Plaintiff to appear, testify, and produce documents at trial—the documents at issue being Plaintiff's 2014, 2015, and 2016 tax returns. Plaintiff served his objections to the subpoena on January 21, 2021. Plaintiff does not object to testifying at trial but objects to Defendants' command that he produce the subject tax returns at trial.

In the present Motion, Defendants argue that the Court should compel the subpoenaed production of the subject tax returns because Defendants seek to use the returns to determine whether Plaintiff's answers are complete and truthful and comport with his position as to

Defendants' defenses and as to his claimed damages. Defendants further argue that they may seek to offer the tax returns into evidence to impeach Plaintiff. Moreover, Defendants argue that Plaintiff did not timely file a motion to quash the subpoena and, as such, his objections to the subpoena should be overruled. As an alternative, Defendants request that the Court amend its scheduling order deadlines and compel Plaintiff to produce the subject tax returns.

In his Response, Plaintiff maintains that he timely objected to the subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure. Moreover, Plaintiff contends that the subpoena is an effort to circumvent the close of discovery, which occurred on February 7, 2020. According to Plaintiff, Defendants previously sought the subject tax returns in their requests for production, and they should have filed a motion to compel the discovery prior to the close of discovery and prior to the motions deadline. Therefore, Plaintiff urges the Court to deny Defendants' Motion.

**II.     DISCUSSION**

Rule 45 of the Federal Rules of Civil Procedure sets forth certain requirements for subpoenas for a trial and for other discovery. Fed. R. Civ. P. 45(c)(1)–(2). The rule also sets forth guidelines for objecting to a command to produce documents, which requires that "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). When an objection is made, the serving party may move for an order compelling production. *Id.*

This Court has previously held that "a Rule 45 subpoena duces tecum may properly be served on a party, but that such service constitutes discovery which, in order to be timely, must be served prior to the discovery deadline." *Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 563 (W.D.N.C. 2002). There may be certain situations when a subpoena duces tecum does not constitute discovery, such as when the subpoena is employed to secure production at trial of

original documents previously disclosed in discovery. *Id.* at 567. However, if a subpoena duces tecum is deemed to be discovery, then it must be served within the discovery period. *Id.*; *see also Fleetwood Transp. Corp. v. Packaging Corp. of Am.*, No. 1:11MC45, 2011 WL 6151479, at *2 (M.D.N.C. Dec. 12, 2011) ("Upon the determination that a Rule 45 subpoena constitutes discovery, courts have routinely held that said subpoenas served outside of the discovery period are untimely.").

Upon review of the present document request, the Court finds that the document request constitutes discovery. The subpoena seeks documents that were already the subject of a request for production, to which Plaintiff objected, and were already the subject of deposition inquiries, to which Plaintiff objected. These objections arose within the discovery period, yet Defendants did not address the issue through a discovery conference with the Court nor file a motion to compel. February 7, 2020 marked the end of discovery and the subject subpoena was not served until January 7, 2021—nearly a year after the close of discovery and less than three weeks prior to the start of trial. Upon consideration of all the facts and circumstances, the Court finds that Defendants' Motion to Compel Subpoenaed Production should be denied. Notably, because the subject subpoena pertained to the January 25, 2021 trial date, which was subsequently continued, the subpoena is actually moot. Yet, rather than forcing the parties to renew a motion for a continued subpoena where this motion has already been fully briefed, and in the interests of providing certainty to the parties prior to the upcoming trial, the Court's analysis assumes that the subpoena was continued to the new trial date.

For similar reasons as those set forth above, the Court finds that Defendants' alternative request for the Court to amend its scheduling order deadlines should also be denied. Defendants had ample notice of Plaintiff's objection to discovery of the subject tax returns such that they could

have sought for the Court to compel production prior to the close of discovery. Or, at the very least, Defendants could have sought an extension to the discovery deadline back in early 2020, rather than a whole year later in early 2021. Defendants have not shown good cause or excusable neglect that supports their alternative request for the Court to amend the scheduling order deadlines and, indeed, at this late date it would be difficult to offer any explanation that could justify doing so. After consideration of all the facts and circumstances of this Motion, the Court concludes that Defendants' request for the Court to amend the scheduling order deadlines and compel Plaintiff to produce the subject documents should be denied.

### III.    ORDER

**IT IS THEREFORE ORDERED** that, for the reasons indicated herein, Defendants' "Motion to Compel Subpoenaed Production" (ECF Doc. 31) is **DENIED**.

**SO ORDERED**.

Signed: June 21, 2021

Graham C. Mullen
United States District Judge