IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00024-GCM

| | |
|---|---|
| DAVID OPPENHEIMER,<br><br>Plaintiff,<br><br>v.<br><br>THE ACL LLC,<br>WILLIAM STACEY MOORE,<br><br>Defendants. | **ORDER** |

**THIS MATTER** comes before the Court upon Plaintiff David Oppenheimer's Motion *in Limine* (ECF Doc. 26), which was filed on January 4, 2021. Defendants filed their joint response (ECF Doc. 27) on January 11, 2021. Now being fully briefed, the matter is ripe for consideration, and the Court finds the following.

### I. DISCUSSION

After a series of continuations for good cause, this case is set for trial to commence on October 18, 2021. Plaintiff has filed a Motion *in Limine* ("MIL") that raises ten evidentiary topics for the Court's consideration, and the Court now discusses each topic individually.

#### 1. MIL Topic 1: Evidence Regarding Defendants' Affirmative Defense of Copyright Misuse/Unclean Hands

Plaintiff first requests that the Court exclude evidence regarding Defendants' affirmative defense of copyright misuse or unclean hands. Plaintiff requests that the Court preclude Defendant from presenting evidence, eliciting testimony, or in any way mentioning, directly or indirectly: (1) any past lawsuits filed, including the number of lawsuits filed; (2) the amount of money Plaintiff has received as a result of any lawsuit filed or legal claim made by Plaintiff; (3) the proposition

that Plaintiff's business model and/or revenue stream is copyright litigation; and (4) derogatory terms such as "copyright troll," "professional litigant/plaintiff," "vexatious litigant/plaintiff," "scheme" and/or "schemer," "professional manipulator," or any similar designation. ECF Doc. 26 at 6.

The Court will deny Plaintiff's request as to this MIL topic. The Fourth Circuit recognizes the misuse of copyright doctrine, and the doctrine could apply to scenarios such as where a copyright owner is using his or her copyrighted work for the purpose of litigation rather than to promote the useful arts through original expression. *See Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 977–78 (4th Cir. 1990) (establishing that misuse of copyright is a valid affirmative defense); *Religious Tech. Ctr. v. Lerma*, No. 95-1107-A, 1996 WL 633131, at *12 (E.D. Va. Oct. 4, 1996) (listing examples of copyright misuse such as attempting to restrain a defendant from using material over which the plaintiff has no rights, distributing the copyright discriminatorily, and refusing to supply a list of copyrighted songs where requested). Moreover, courts recognize the increasing risk of copyright trolling, and courts themselves expressly use terms such as "copyright troll" when discussing such matters. *See, e.g.*, *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1097 (7th Cir. 2017) (explaining the unsavory rise of intellectual property "trolling"); *McDermott v. Monday Monday, LLC*, No. 17cv9230 (DLC), 2018 WL 5312903, at *1–3 (S.D.N.Y. Oct. 26, 2018) (denying a plaintiff's request for the court to redact the term "copyright troll" from its opinion); *Malibu Media, LLC v. Doe*, No. 15 Civ. 4369(AKH), 2015 WL 4092417, at *2–3 (S.D.N.Y. July 6, 2015) (using terms such as "copyright trolls" and "prolific litigant" while explaining the business of focusing on litigation rather than selling a copyrighted product). Plaintiff has cited no binding authority that requires the Court to exclude the evidence listed in MIL Topic 1. The Court finds that such evidence is relevant and not inadmissible.

Further, its probative value is not outweighed by risk of prejudice to Plaintiff. Plaintiff's request to exclude the evidence listed in MIL Topic 1 should be **DENIED**.

### 2. MIL Topic 2: Witnesses Not Timely Identified Pursuant to Rule 26(a)(2) or Rule 26(e)

Plaintiff also requests that the Court exclude any reference to the anticipated testimony of, or attempt to call, any witnesses that have not been timely identified pursuant to Rule 26(a)(2) or 26(e), as well as any alleged statements of such parties. ECF Doc. 26 at 22. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court concludes that it should defer ruling on this topic until trial and will, therefore, deny this portion of Plaintiff's motion without prejudice, to be raised again at trial if necessary.

### 3. MIL Topic 3: Evidence or Arguments Regarding Affirmative Defenses Not Pleaded or on which Partial Summary Judgment was Granted

Plaintiff requests that the Court exclude any evidence or argument for any affirmative defense that has not been pleaded or on which the Court has granted partial summary judgment in favor of Oppenheimer, including (1) *de minimus* use; (2) implied license; and (3) failure to mitigate. ECF Doc. 26 at 22; ECF Doc. 20 at 11–12. Defendants offer no argument for why evidence relating to any such affirmative defenses could be relevant to the remaining issues, and the Court concludes that MIL Topic 3 should be **GRANTED**.

### 4. MIL Topic 4: Evidence or Arguments Regarding Immunity Under the "Act of Sovereign State Doctrine"

Plaintiff requests that the Court exclude any evidence or argument or mentioning, alluding to, stating, and/or in any way referencing immunity under the "Act of Sovereign State Doctrine." ECF Doc. 26 at 23. In its Order on Plaintiff's Motion for Summary Judgment, the Court already

found that this theory should not apply in the present case. ECF Doc. 20 at 5. Therefore, MIL Topic 4 should also be **GRANTED**.

### 5. MIL Topic 5: Evidence or Arguments Regarding Originality of Copyrighted Work

Plaintiff requests that the Court exclude evidence or argument that Plaintiff's Copyrighted Work lacks originality or is otherwise deserving of less protection than other copyrighted works. ECF Doc. 26 at 23. Plaintiff provides no legal basis for this request other than arguing that the question of validity includes originality and—since the Court has already concluded the copyright is valid—the question of whether the Copyrighted Work was sufficiently original to enjoy legal protection has already been decided. *Id.* Defendants offered no argument for why this evidence should not be excluded. MIL Topic 5 will be **GRANTED**.

### 6. MIL Topic 6: Photographs and/or Copyrighted Works of Non-parties

Plaintiff further requests that the Court exclude any photographs and/or other copyrighted works of non-parties to this action, contending that such evidence lacks relevance. *Id.* at 24. Again, Defendants did not respond to this portion of Plaintiff's argument. MIL Topic 6 will be **GRANTED**.

### 7. MIL Topic 7: Evidence or Arguments Regarding Financial Condition of Parties

Plaintiff requests that the Court exclude evidence of the current business or financial condition of any party in this case, including the filing of bankruptcy, the decline in sales, or business suffered by either of the Defendants. *Id.* Plaintiff cites to the irrelevance of such and the risk of confusion and waste of time if such a subject is introduced to the jury. *Id.* Defendants did not respond to this portion of Plaintiff's argument. Yet, the Court ascertains that such evidence

could be relevant, and the Court will not rule on the topic at this time. Therefore, the Court will deny this portion of Plaintiff's motion without prejudice, to be raised again at trial if necessary.

### 8. MIL Topic 8: Evidence or Arguments Concerning Settlement Negotiations

Plaintiff requests that the Court exclude any evidence or arguments concerning settlement negotiations. *Id.* at 25. Indeed, evidence of such is inadmissible when offered "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). The exceptions to this rule do not apply to this case. The Court concludes that MIL Topic 8 should be **GRANTED**.

### 9. MIL Topic 9: Demonstrative Exhibits Not Shown to Opposing Party at Least One Hour Prior to Showing Jury

Plaintiff further requests that the Court order the parties to disclose all prepared demonstrative exhibits at least one hour before they are to be shown to the jury, so that the exhibits can be reviewed for compliance with this Court's orders *in limine* and any objections can be addressed outside the presence of the jury. ECF Doc. 26 at 25. MIL Topic 9 will be **GRANTED**.

### 10. MIL Item 10: Potential Remedies Plaintiff May Seek Upon Finding of Infringement

Finally, Plaintiff requests that the Court exclude the mentioning of any potential remedies that Plaintiff may be entitled to seek from the Court upon a finding of infringement, including but not limited to injunctive relief, prejudgment interest, and/or attorney fees and costs, as mentioning such remedies will cause confusion, waste time, and potentially prejudice Plaintiff. *Id.* at 26. Such evidence would likely lead only to confusion and potential prejudice and, thus, MIL Topic 10 will also be **GRANTED**.

## II. ORDER

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion *in Limine* will be **GRANTED IN PART** and **DENIED IN PART** as indicated herein;

2. MIL Topic 1 is **DENIED**;

3. MIL Topics 3, 4, 5, 6, 8, 9, and 10 are **GRANTED**;

4. MIL Topics 2 and 7 are **DENIED WITHOUT PRJEUDICE**.

**SO ORDERED**.

Signed: August 18, 2021

Graham C. Mullen
United States District Judge