# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00024-GCM

DAVID OPPENHEIMER,

    Plaintiff,

v.

THE ACL LLC,
WILLIAM STACEY MOORE,

    Defendants.

<u>**ORDER**</u>

**THIS MATTER** comes before the Court on Defendants' Motions to Compel Discovery Response and to Extend Discovery Deadline (ECF No. 43). Plaintiff filed a response (ECF No. 45), and Defendants filed a reply (ECF No. 46). The matter is ripe for disposition. For the reasons discussed below, the Court will grant the motions.

## I. BACKGROUND

This is a copyright infringement action, the conduct of which has been repeatedly derailed by the COVID-19 pandemic. Nowhere is that derailment more evident than in the repeated changes to the trial date: from July 2020 to January 2021, from January 2021 to July 2021, from July 2021 to October 2021, and finally—at the behest of Plaintiff—from October 2021 to a date yet to be determined, but in no event earlier than March of 2022.

Defendants now seek to reopen discovery for the purpose of compelling the production of previously-sought documents and information. Specifically, Defendants served requests for production for Plaintiff's 2015 and 2016 tax returns. Plaintiff objected to those requests. During his deposition on January 24, 2020, Plaintiff's counsel also objected to questioning related to the tax returns.

Counsel for Defendants avers that a sequence of events related to COVID-19 caused him to miss the discovery deadline for filing a motion to compel. *See* ECF No. 43 at 2–3. His firm had to temporarily close due to COVID, and counsel was personally exposed to the virus, causing him to quarantine. *Id.* at 2. In April 2020, counsel became the sole caretaker for his badly injured wife. *Id.* at 2–3. He attempted unsuccessfully to obtain the tax returns by filing a subpoena duces tecum for trial, and then "was resigned to having to proceed to trial" without the returns. *Id.* at 4. But when the trial was continued to an indefinite date no earlier than March 2022, Defendants filed the present motions, arguing that production could be compelled without any prejudice to Plaintiff.

## II.    DISCUSSION

District Courts possess substantial discretion in managing discovery. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). That discretion permits a court to extend discovery deadlines in order to resolve discovery disputes. *See Johnson v. Mechs. & Farmers Bank*, Civil No. 3:05CV258-W, 2006 U.S. Dist. LEXIS 117414, at *4 (W.D.N.C. Sep. 12, 2006).

When a party files a motion to compel outside the discovery deadline, the court must determine whether the failure to timely file the motion was due to "excusable neglect or some other valid reason." *See Ayers v. Continental Cas. Co.*, 240 F.R.D. 216, 224 (N.D. W. Va. 2007); Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is "excusable" is "at bottom an equitable inquiry, taking account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the non-movant, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996) (cleaned up).

Here, Defendants have advanced a strong showing of excusable neglect. Starting with the first factor, the risk of prejudice to Plaintiff is low. Trial in this matter has not yet been calendared and is—at a minimum—months away. The material sought is relevant and readily producible, and Plaintiff cannot claim any unfair surprise related to the request.[1] Turning to the second factor, Defendants' delay in filing the present motions was significant: discovery closed in February 2020. Nevertheless, the impact on judicial proceedings (given the modest scope of the request) is likely insignificant. This factor weighs slightly against granting the motions. Nevertheless, turning to the third and fourth factors, the Court finds that Defendants have advanced compelling reasons for delay related to the COVID-19 pandemic. There is no need to expound on the chaos and turmoil created by the arrival of the pandemic in the United States starting in March 2020.[2] Moreover, it is clear to the Court that counsel for Defendants is acting in good faith.

Plaintiff vigorously contests the motions, recasting them as a motion to reconsider Defendants' earlier, denied attempt to obtain the tax returns via trial subpoenas. *See* ECF No. 45 at 6–8. Plaintiff argues that "Defendants are now simply knocking on the courthouse door for a second time . . . and hoping for a different result." *Id.* at 6. However, the earlier motion primarily focused on the propriety of obtaining discovery via a trial subpoena. It is true that the Court's earlier order did not find excusable neglect by Defendants sufficient to amend the discovery deadlines. ECF No. 35 at 4. But Defendants did not previously raise the present meritorious

---

[1] In acceding to Plaintiff's motion to continue trial, Defendants warned that they intended to file the present motion. *See* ECF No. 41 at 4. Moreover, Defendants previously (and unsuccessfully) sought to obtain the tax returns by means of a trial subpoena. *See* ECF No. 35.

[2] The Court has previously made allowances for Plaintiff based on similar grounds, most recently in granting the fourth (and likely final) trial continuance in this case. *See* ECF No. 40.

grounds. *See* ECF No. 31-3 at 3. The Court declines to review the present motions under the standards applicable to reconsideration motions.

Based on the foregoing analysis, the Court concludes that the motions should be granted.[3]

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Motions to Compel Discovery Response and to Extend Discovery Deadline (ECF No. 43) are **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Discovery shall be extended to March 1, 2022, exclusively for the limited purposes described below.

2. Plaintiff shall produce North Carolina and federal tax returns for 2015 and 2016 no later than the amended close of discovery.

3. No later than the amended close of discovery, Plaintiff shall respond in writing to the following questions:

    a. "Of the income reported in 2015, how much of that income came from settlements of either lawsuits or threatened lawsuits versus other kinds of licensing or sales?"

    b. "Of the income reported in 2016, how much of that income came from settlements of either lawsuits or threatened lawsuits versus other kinds of licensing or sales?"

**SO ORDERED.**

Signed: December 22, 2021

Graham C. Mullen
United States District Judge

---

[3] The Court makes no ruling on the admissibility of any information produced pursuant to this Order.